UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DERRICK BAXTER ]
    Plaintiff, ]
]
v. ] No. 1:14-0050
] CHIEF JUDGE HAYNES
MAURY COUNTY JAIL ]
    Defendant. ]

## MEMORANDUM

Plaintiff, Derrick Baxter, an inmate at the Maury County Jail in Columbia, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendant Maury County Jail. Plaintiff seeks injunctive relief and damages arising out of his conditions of confinement at the jail.

According to his complaint, Plaintiff alleges that he is denied nutritionally adequate meals, and that denial has caused him to lose an "excessive" amount of weight. Plaintiff also alleges that jail time is calculated incorrectly causing some inmates to remain in custody longer than necessary.

To state a claim for § 1983 relief, the Plaintiff must plead plausible facts that a person or persons, acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Here, a county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); see also Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). As a pro se pleading entitled to a liberal construction, Plaintiff's complaint could state a claim against Maury County, the entity responsible for the operation of the Jail. Plaintiff must allege that his constitutional rights were violated because of a "policy statement, ordinance, regulation or decision

1

officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). Plaintiff's allegations of inadequate food that resulted in his excessive weight loss is in accord with numerous other inmate actions involving the Maury County Jail. The Eighth Amendment clearly requires states to furnish its inmates with "reasonably adequate food" Grubbs v. Bradley, 552 F. Supp. 1052, 1122 (M.D. Tenn. 1982).

Yet, Plaintiff's claim about the alleged erroneous calculation of jail time invovles the length of his incarceration and must be pursued under 28 U. S. C. § 2254 that requires an exhaustion of state remedies.. Preiser v. Rodriguez, 411 U.S. 475, 497(1973).

Thus, the Court concludes Plaintiff states a claim for relief only on his lack of adequate nutrition and process shall issue to the Defendant Maury County..

An appropriate Order is filed herewith.

**ENTERED** this the _10th_ day of April, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court